**FILED**

DEC 2 1 2009

DAVID CREWS, CLERK
BY _____
Deputy

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI DELTA DIVISION

| | |
|---|---|
| **CHARLETTE WADE** | **PLAINTIFF** |
| **v.** | Case No. 2:09CV220-M-A |
| **COUNTRY FORD INC**<br>**WYNN'S EXTENDED CARE, INC**<br> **AARON WILLIAMS** | **DEFENDANTS** |

## COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW, CHARLETTE WADE, by and through counsel, and files this her complaint against defendants jointly and severally, and in support thereof would show the following

### JURISDICTION AND VENUE

1.       This is a civil action seeking monetary damages by Plaintiff against the defendants jointly and severally for breach of contract, fraudulent misrepresentation, intentional infliction of emotional distress, breach of implied covenant of good faith and fair dealing arising from the sale of vehicle and extended warranty insurance to Plaintiff by Defendants on February 21 2009 in Southaven, Desoto County, Mississippi. Because of the willful malicious, and intentional nature of Defendants' unlawful conduct, the Plaintiff also request punitive damages be awarded.

2.       Jurisdiction of the court is founded on diversity of citizenship and amount. Plaintiff is a citizen of the State of Tennessee. Defendants are all

citizens of Mississippi and California. The matter in controversy exceeds exclusive of interest and costs, the sum specified by 28 U.S.C 1332. Venue is proper in United States District Court, Delta Division.

## PARTIES

3.  Plaintiff Charlette Wade (hereinafter "Plaintiff") is an adult resident citizen of 2126 Nathaniel Circle West, Shelby County, Memphis, TN 38134.

4.  Defendant Country Ford Inc.  (hereinafter "Defendant Ford") is a Mississippi Corporation having its principal place of business at  95 Goodman Road, Southaven MS 38671.  Defendant may be served through its registered agent William A Brown at 2540 Highway 51 South, Hernando, MS 38632.

5.  Defendant Wynn's Extended Care Inc (hereinafter "Defendant Wynn") is a foreign company  incorporated under the laws of the state of California and having its principle place of business in the state of Florida.  Defendant may be served through its registered agent, CT Corporation System at 645 Lakeland East Drive Suite 101 Flowood MS 39232.

6.  Defendant Aaron Williams (hereinafter "Defendant Williams") was at the material time the salesman, employee, independent contractor, agent and representative of Country Ford Inc who may be served with process at his usual place of employment at 95 Goodman Road East, Southaven Mississippi 38671.

## FACTS

7.  Plaintiff avers that she purchased a 2004 Chrysler Pacifica Vin Number

2

2C8GM68464R566302 from Defendant Country Ford Inc on February 21, 2009 on the recommendation and strong urging of Defendant Aaron Williams at a grand total price of $12,235.53

8.   Further on the above, Plaintiff avers that before purchase of the said vehicle, she requested a Carfax report from Defendant Williams to enable her make an informed choice about the history of the car and what pre-purchase inspection to demand.  That Defendant Williams refused to provide the report and assured her that Defendants Country Ford is a reputable dealership and there was no need for a Carfax report as the car was in good condition.

9.   That during purchase and while waiting for financing to come through, Plaintiff observed that the "check engine light" was on and brought the attention of Defendant Williams to this problem.  Defendant responded that this was not a problem and that it would be taken care of by Defendant Country Ford.

10.   Further on the above, Plaintiff avers that the car broke down and stopped working in March 2008.  That the car was towed to Firestone and eventually to Defendant Country Ford's shop where Defendant Country Ford said that it could not fix the car as it was a Chrysler.

11.   On the instructions of Defendants, the car was towed to the workshop of Lander's Dodge where only limited repairs of the water pump and timing belt were performed.  That the Defendants failed and/or neglected to perform the basic repairs of the engine, valves and pulley.

12.   Further on Paragraphs 8 – 11 supra, Plaintiff avers that Defendants

Country Ford and Aaron Williams fraudulently misrepresented the condition of the car at the time of purchase.

## PARTICULARS OF FRAUD

a.   Failure to provide vehicle history reports as requested by Plaintiff.

b.   Vehicle history reports would have shown the vehicle was registered in a County in New Orleans Louisiana declared a flood disaster area declared by Federal Emergency Management Agency (FEMA).

c.   Defendants failed and/or neglected to provide vehicle history reports knowing it would have affected Plaintiff's decision to purchase the said vehicle.

d.   Failure to explain and falsely misrepresenting closing documents to Plaintiff.

e.   Falsely representing the subject vehicle to be in good condition when Defendants knew the vehicle was not in good condition.

13. Defendant Wynn failed and/or neglected to provide necessary repairs to Plaintiff's vehicle contrary to the extended service contract signed with the Defendants.

14. As part of closing, Defendants Ford and Williams sold and/or provided Defendant Wynn's Plus Deluxe Coverage on the vehicle for 24 months or 24,000 miles Plaintiff alleges bad faith and aver that defendants jointly and severally fraudulently misrepresented the sale of the subject car to Plaintiff with a view of depriving Plaintiff of the staggering sums of $12,235.53.

15. Further on the above, Plaintiff avers that Defendant Wynn conspire

jointly and severally with other defendants to misrepresent and fraudulently sell an extended warranty to Plaintiff.

## PATICULARS OF DEFENDANT WYNN'S FRAUDULENT MISREPRESENTATION

a.  Fraudulently representing to Plaintiff that all problems with the subject vehicle are covered by extended warranty.

b.  Selling a warranty that purportedly covered engine, valve, pulley and crank problems and refusal to extend coverage when Plaintiff submitted claims.

c.  Selling an extended warranty that it has no intention of complying with its terms.

d.  Failure to provide car rental to Plaintiff.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16.  Defendants' unlawful conduct as previously described was known by the Defendants to be likely to produce emotional distress in the Plaintiff, and did in fact produce emotional distress in the Plaintiff. As a direct and proximate result of the defendants' unlawful conduct, plaintiff has suffered emotional distress and emotional damage. The Defendants' conduct as previously described was outrageous, wholly without legal or factual justification, was malicious and wanton, and thus entitles the plaintiff to recover actual and punitive damages as previously described.

## BREACH OF IMPLIED COVENANTOF GOOD FAITH AND FAIR DEALING

17.     Defendants breached the above-described contract for reasons incompatible with good faith and fair dealing, as a proximate and foreseeable result of which the Plaintiff suffered damages. The breach of contract was wholly unsupported by any arguable reasons, was willful, malicious, and in bad faith.

18.     Consequence on Defendants' breach and misrepresentation, Plaintiff has incurred additional expenses for transportation, finance charges, and has suffered mental and emotional distress.

19.     Actions of defendants jointly and severally were the sole cause, Proximate cause and or substantially caused the damage suffered by plaintiff and or that plaintiff will continue to suffer in future.

20.     Plaintiff avers that the contracts signed with the Defendants including provision for arbitration agreement were part of an adhesive contract, and documents that were thrust upon the Plaintiff by the Defendants without any explanation of their contents.

21. Plaintiff pleads relief available under the Uniform Commercial Code.

22. Plaintiff pleads relief accorded under the Magnuson-Moss Warranty Act.

23. Further on the above, Plaintiff pleads relief available under common law.

WHERFORE PREMISES Plaintiff claims against defendants jointly and severally the following:

a.     Compensatory and liquidated damages in an amount to be determined by the jury but not less than $85,000.00;

b.    Punitive damages in an amount to be determined by the jury;

c.    All costs, disbursements, pre-judgment interest, post-judgment

       interest;

d.    Declaration that provisions for Arbitration in Plaintiff's contract with the

       Defendants is part of an adhesive contract that is unconscionable and

       against public policy and is therefore void;

e.    Plaintiff prays for general relief.

Submitted this the 17th day of December 2009.

Charlette Wade, Plaintiff

By:_____

       Femi Salu, MSB 100160
       Attorney for Plaintiff
       SALU & SALU LAW FIRM, PLLC
       Post Office Box 842
       2129 Stateline Road (West), Suite A
       Southaven, MS 38671
       (662) 342-7007