IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**CHARLETTE WADE**                                                                               **PLAINTIFF**

**V.**                                                                     **CASE NO. 2:09CV220**

**COUNTRY FORD, INC.**
**AARON WILLIAMS**                                                        **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the court on the motion **[7]** of Defendants Country Ford, Inc. and Aaron Williams to compel arbitration.

Charlette Wade purchased a pre-owned Chrysler Pacifica from Country Ford on February 21, 2009. Wade entered into an arbitration agreement at the time of her purchase. The agreement provides that the buyer forego "the right to go to court and the right to a jury trial." The parties additionally agreed that the vehicle has traveled in interstate commerce and that the transaction involves interstate commerce. Further, Wade and Country Ford agreed to resolve the following disputes through binding arbitration administered by the American Arbitration Association:

> any controversy or claim between the parties arising out of or relating to: (1) the Vehicle; (2) the Offer to Purchase or Lease Vehicle executed by Buyer in connection with the purchase of the Vehicle, (3) the related contract for the purchase of the Vehicle, (4) any trade-in associated with transaction and/or (5) any and all related finance, insurance, extended warranty and/or service agreements, or any breach thereof.

Wade had the opportunity to object to arbitration, as Country Ford was willing to renegotiate the terms and conditions of the agreement to reflect costs associated with traditional judicial proceedings.

Plaintiff instigated this action after the vehicle she purchased from the Defendants stopped working and the Defendants performed merely limited repairs. Defendants seek to enforce the arbitration agreement between the parties.

Congress provided in the Federal Arbitration Act that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In addition, the FAA expresses a strong federal policy in favor of arbitration, and any doubts concerning the scope of arbitration issues should be resolved in favor of arbitration. *Southland Corp. v. Keating,* 465 U.S. 1, 10 (1983); *Mouton v. Metropolitan Life Ins. Co.,* 147 F.3d 453, 456 (5th Cir.1998).

There is a two-step inquiry to determine whether a party should be compelled to arbitrate. *Washington Mut. Fin. v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004). A court must determine if (1) the parties agreed to arbitrate the dispute; and if (2) "any federal statute or policy renders the claims nonarbitrable." *Id*.

Whether the parties agreed to arbitration requires a further analysis: (1) the existence of a valid agreement to arbitrate; and (2) if the dispute in question falls within the scope of that agreement. *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003).

Generally, principles of state contract law govern the question of whether the parties formed a valid agreement to arbitrate. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995); *see also Bailey*, 364 F.3d at 264.

Plaintiff contends that a valid agreement does not exist because (1) there was fraud in the procurement of the agreement; and (2) the agreement is a contract of adhesion that deprives

2

Plaintiff of her right to a fair hearing

The fraud alleged by Plaintiff is Country Ford's failure to provide vehicle history reports as requested by her and the corporation's representation that the vehicle was in good condition when Defendants knew it to be otherwise.

The complaint does not specifically assert that the arbitration agreement was induced through fraud, but this interpretation stems logically from the facts. The entire purchase contract was entered into by Plaintiff as a result of Country Ford allegedly fraudulently inducing her to purchase the vehicle. Plaintiff claims that the failure to provide vehicle history reports reflecting flood damage would have affected her purchasing decision. However, these assertions attack the purchase agreement as a whole, and do not allege that fraud relates specifically to the arbitration agreement. "[The FAA] does not permit the federal court to consider claims of fraud in the inducement of the contract generally . . . . [A] federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). Plaintiff's fraud claim must be submitted to the arbitrator as part of the underlying dispute between the parties. *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 472 (5th Cir. 2002); *see also Pride v. Ford Motor Co.*, 341 F.Supp.2d 617, 622 (N.D. Miss. 2004).

Further, Plaintiff contends in her complaint that "the contracts signed with the Defendants including provision for arbitration agreement were part of an adhesive contract, and documents that were thrust upon the Plaintiff by the Defendants without any explanation of their contents." Plaintiff states this fact as a violation of the breach of the implied covenant of good faith and fair

3

dealing, and she now argues that the contract is unconscionable. Plaintiff cites no authority for her position.

"Mississippi law defines an unconscionable contract as 'one such as no man in his senses and not under a delusion would make on the one hand, and no honest and fair man would accept on the other.'" *Pride*, 341 F.Supp.2d at 622 (quoting *Entergy Miss., Inc. v. Burdette Gin Co.*, 726 So. 2d 1202, 1207 (Miss. 1998). Mississippi law provides for both procedural and substantive unconscionability. *York v. Georgia-Pacific Corp.*, 585 F.Supp. 1265, 1278 (N.D. Miss. 1984). "Procedural unconscionability may be proved by showing 'a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms.'" *East Ford, Inc. v. Taylor*, 826 So. 2d 709, 714 (Miss. 2002) (quoting *Pridgen v. Green Tree Fin. Servicing Corp.*, 88 F.Supp.2d 655, 657 (S.D. Miss. 2000)). Substantive unconscionability may be proven by showing the terms of the arbitration agreement to be oppressive. *York*, 585 F.Supp. at 1278.

Plaintiff argues "that the provisions for arbitration in Plaintiff's contract with the Defendants is part of an adhesive contract." Her complaint alleges that she lacked the opportunity to study the arbitration agreement, along with all the contract documents. These assertions support a finding that while Plaintiff does specifically refer to the arbitration agreement, her unconscionability attack is directed at the entire purchase agreement. *Russell v. Performance Toyota, Inc.*, 826 So. 2d 719, 726 (Miss. 2002). Thus, an arbitrator should consider this claim.

Plaintiff could not prove procedural unconscionability, even had she singled out the

4

arbitration agreement. The stronger party in this case, County Ford, did not present Plaintiff with nonnegotiable terms. Rather, Plaintiff could have proceeded with traditional judicial proceedings, albeit at a higher purchase price to reflect the costs of potential litigation. Further, the major rights that Plaintiff waived were written in large print and boldface, and her waiver of a jury trial was even penned in all capital letters. Immediately above the signature line was a admission that the buyer read the agreement and fully understood its terms and conditions. Further, "[i]t is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it." *Terminix Intern., Inc. v. Rice*, 904 So. 2d 1051, 1056 (Miss. 2004) (citing *McKenzie Check Advance of Miss., LLC v. Hardy*, 866 So. 2d 446, 455 (Miss. 2004)). "A person is charged with knowing the contends of any document that he executes." *Id*. (quoting *Russell*, 826 So. 2d at 725). Plaintiff does not dispute that she signed the arbitration agreement. Plaintiff cannot now argue that she was unaware of the terms contained within the agreement at the time she executed the document. Plaintiff's argument that the agreement was procedurally unconscionable is without merit.

Plaintiff does not contend that the dispute falls outside the scope of the agreement. The court notes that the arbitration agreement language is broad and encompasses all disputes related to the vehicle, purchase contract, and extended warranty. Thus, the present dispute need only "touch" matters covered by the agreement to be arbitrable. (citing *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1068 (5th Cir. 1998)). The dispute in this case involves fraudulent inducement into the purchase contract and failure to comply with an extended warranty. The court finds the arbitration agreement encompasses the present dispute.

The court then must determine whether any federal statute or policy renders the claims

nonarbitrable. Plaintiff contends that enforcing arbitration is against public policy as it will result in a deprivation of her constitutional right to a fair hearing. Plaintiff cites no authority for her position. Plaintiff also fails to identify how she would be deprived of her due process if this case were to be submitted to arbitration. Presumably, Plaintiff's lack of a right to a jury trial in an arbitral forum is what prompts her argument. This court cannot conclude that an arbitration proceeding does not constitute a fair hearing in respect to constitutional rights given the decisions of the United States Supreme Court, Fifth Circuit, and Mississippi state courts to favor arbitration. Further, "[t]he 'loss of the right to a jury trial is a necessary and fairly obvious consequence of the agreement to arbitrate.'" *Bank One, N.A. v. Coates*, 125 F.Supp.2d 819, 834 (S.D. Miss. 2001) (quoting *Parsley v. Terminix Intern. Co., L.P.*, 1998 WL 1572764 at *5 (S.D. Ohio 1998)). Plaintiff has waived this right.

Plaintiff further claims that enforcing the arbitration agreement would unconstitutionally deprive this court of its inherent and constitutional jurisdiction to adjudicate disputes submitted to it by the parties." However, the controlling courts in this case favor arbitration as a matter of resolving disputes between parties, as discussed above. *Mouton*, 147 F.3d at 456. The Mississippi Supreme Court specifically overturned "the former line of case law that jealously guarded the court's jurisdiction" in order to respect the right of parties to privately contract. *IP Timberlands Operating Co., Ltd. v. Denmiss Corp.*, 726 So. 2d 96, 104 (Miss. 1998). The court finds that this argument is without merit.

Lastly, Plaintiff argues enforcement of the arbitration agreement is improper due to the inapplicability of the Federal Arbitration Act. Specifically, Plaintiff contends that this commercial transaction does not affect interstate commerce as it occurred in Mississippi with a

6

Mississippi company. The actual purchase did occur in Mississippi, but the buyer was a Tennessee resident and the vehicle was used in Tennessee. This court finds it difficult to conclude that this transaction merely affected one state in light of its jurisdiction being invoked through diversity. Further, vehicles are instrumentalities of commerce, which Congress has the power to regulate. *United States v. Bishop*, 66 F. 3d 569, 590; *see also United States v. Lopez*, 514 U.S. 549, 558-59 (1995). "Written agreements to arbitrate contained in contracts evidencing a transaction involving commerce are subject to FAA." *Greater Canton Ford Mercury, Inc. v. Ables*, 948 So. 2d 417, 421 (Miss. 2007). The arbitration agreement entered into by the parties also expressly references the FAA and affirms "that the Vehicle has traveled in interstate commerce and that the Agreements evidence a transaction involving interstate commerce." This court determines that the FAA applies to the parties' arbitration agreement.

The court finds that a valid agreement exists and that no federal statute or public policy renders this claim nonarbitrable. As such, the present claim is arbitrable and Defendants' motion **[7]** is **GRANTED**.

This the 24th day of March, 2011.

                                          **/s/ MICHAEL P. MILLS**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**